# Reaves *v.* The State.

## *Murder.*

(Jan. 21, 1909.    48 South. 373.)

1. *Evidence; Hearsey; Statement by Decedent.*—Unless offered as a dying declaration with sufficient predicate for that purpose, a statement made by a deecdent in reference to the difficulty, made the night after the shooting, is inadmissible as hearsay.

2. *Appeal; Review; Discretion of Court.*—As a general rule the ruling of the trial court on objection to leading questions is within its sound discretion and not revisable.

3. *Trial; Misleading Instruction.*—A charge asserting that the jury must consider, the entire evidence in making up the verdict, and that they should not single out any part of the testimony and base the verdict on it, and that unless the jury and each individual member thereof are convinced beyond a reasonable doubt of accused's guilt they cannot convict, is misleading; while the jury must not capriciously reject any of the evidence, and must consider all in arriving at a verdict, yet the existence of a single fact shown in the evidence may, under the circumstances, furnish the basis for a just verdict.

4. *Criminal Law; Reasonable Doubt.*—Charges asserting that if there is a reasonable probability in the mind of a single juror of the innocence of the accused, growing out of any portion of the evidence, the jury must give him the benefit of it, and not convict him, is properly refused as pretermitting the consideration of the entire evidence.

5. *Homicide; Self Defense.*—A charge which ignores the elements of imminent peril to life or limb, and invoking the doctrine of self defense, is properly refused.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Collie Reaves was convicted of the murder of Joel Shivers, and he appeals. Affirmed.

The charges refused to the defendant are as follows: "(1) I charge you, gentlmen of the jury, that it is your duty to consider the entire evidence in making up your verdict, and that you should not single out any part of the testimony and base your verdict upon it, and unless the jury and each individual member of the jury are convinced beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis but that of the defendant's guilt, then the jury cannot convict the defendant. (2) If there is a reasonable probability in the mind of any single juror in the case of the innocence of the defendant, growing out of any portion of the evidence, then the jury must give the defenant the benefit of this, and not convict him. (3) If there is a probability of the innocence of the defenant growing out of any portion of the evidence, the jury should give the defendant the benefit of this, and acquit him. (4) If you have a reasonable doubt as to whether the defendant acted in defense of himself and brother, and as to whether they were free from fault in bringing on the difficulty, and whether there was no reasonable mode of escape open to them, you should give the benefit of this, and acquit him."

TATE & WALKER, for appellant. The court erred in refusing charge 1.—*Grant v. The State,* 97 Ala. 36; *Finch v. The State,* 81 Ala. 51; *Jordan v. The State,* 78 Ala. 331. Charge 4 should have been given.—*Miller v. The State,* 107 Ala. 40. The defendant had the same right to defend his brother that he had to defend himself.—*Karr v. The State,* 106 Ala. 1; *Whatley v. The State,* 91 Ala. 108. Refused charged 2 and 3 should have been given.—*Barnes v. The State,* 117 Ala. 138; *Whitaker v. The State,* 106 Ala. 30; *Croft v. The State,* 95 Ala. 3. Counsel insists on errors committed as to evidence, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the
State. There was no error in reference to evidence.—
Greenleaf, sec. 435. The court properly refused the
request instructions:—*Liner v. The State,* 124 Ala. 7;
*Story v. The State,* 71 Ala. 330. ·

DOWDELL, J.—The statement made by the deceased
person the night after the shooting in reference to the
difficulty, and which was sought to be proved by the de-
fendant, was properly excluded on objection of the state.
This evidence was not offered as a dying declaration,
since no predicate was laid for that purpose, and other-
wise it was illegal as hearsay evidence. ·

There was no reversible error in sustaining the state's
objection to the question by the defendant to his witness
R. A. Reeves on direct examination: "Did Mary say,
just before the shooting, 'He is talking to me, not to you,
Collie; not to you?'" The ground of the objection was
that the question was leading. The question was un-
doubtedly a leading one, and objections to leading ques-
tions are addressed to the sound discretion of the trial
court, and as a general rule are not revisable.—Green-
leaf on Evidence, § 435.

Charge 1, refused to the defendant, was not free from
a misleading tendency, and for this reason, if no other,
was properly refused. While it is the duty of the jury
not to captiously reject any evidence, but to consider
it all in arriving at a verdict, yet it is not impossible that
the existence or non-existence of a single fact shown in
evidence might furnish the basis of a just verdict one
way or the other.

Like charges to those numbered 2 and 3, which were
refused to the defendant, were condemned in *Liner v.
State,* 124 Ala. 7, 27 South. 438.

[Simmons v. The State.]

Charge 4, requested by the defendant, ignored imminent peril to life or limb, an element of self-defense, and for that reason was properly refused.—*Storey v. State,* 71 Ala. 330.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.