# Pressley *v.* The State.

## *Murder.*

(Decided April 14, 1910. 52 South. 337.)

1. *Homicide; Evidence; Prior Difficulty.*—It is not admissible to show the details of a prior difficulty in a prosecution for murder; only the fact that there was a prior difficulty may be shown.

2. *Same; Instructions.*—Where the evidence tended to show that the deceased lived where he was killed, that about three hours before the shooting defendant and deceased had a difficulty, and that when deceased received the wound from which he died, he was unarmed

and not attacking the defendant, a charge asserting that the fact that a man makes threats against another does not put him out of the pale of society, and authorize the man that he had threatened to hunt him up and kill him, was not objectionable as being abstract.

3. *Same.*—A charge asserting that the fact that decedent was at his house did not justify him in attacking the defendant or in killing his without cause, and if he did so and shot at defendant with a pistol, and defendant did not bring on the difficulty, then the defendant had the right of self defense, and if it reasonably appeared to the defendant as a reasonable man that his life was in danger or that he was in imminent danger of life or limb at the hands of deceased, he would be entitled to shoot deceased to death, etc., was not only faulty from being argumentative, but·pretermitted defendant's duty to retreat.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Olin Pressley, alias, etc., was convicted of murder, and he appeals. Affirmed.

The errors insisted upon sufficiently appear in the opinion of the court. The following charges were refused to the defendant: (1) General affirmative charge. (2) "The mere fact that Cicero Culberson was at his house did not justify him in attacking the defendant, or in killing him without cause; and if he did so, and if the evidence shows that Cicero attacked defendant, and shot at him with a pistol, and that defendant did not bring on the difficulty, then the defendant had the right of self-defense; and if it reasonably appeared to the defendant as a reasonable man that his life was in danger, or he was in imminent danger of life or limb, at the hands of Cicero Culberson, the defendant would have the right to shoot, even to death, the said Culberson, if the jury believe from the evidence that the defendant was not at fault in bringing on the difficulty."

M. D. IVEY, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, and MARION H. SIMS, Solicitor, for the State. Details of prior

difficulties are not admissible.—*Martin v. The State,* 77 Ala. 1; *Jones v. The State,* 116 Ala. 468. There was no effort to show that the declarations of deceased made after the shooting were dying declarations, and hence, evidence relative thereto, was mere hearsay and inadmissible. The court properly allowed the state to recall the witness in rebuttal.—*Braham v. The State,* 143 Ala. 28. The court's oral charge was not abstract. —*Dennis v. The State,* 112 Ala. 64. Charge 2 was abstract and argumentative.—*Stewart v. The State,* 137 Ala. 33. There was no error apparent on the record, and hence there was no ground for motion in arrest of judgment.—*Harrington v. The State,* 83 Ala. 9; *Walker v. The State,* 91 Ala. 76. This court will not review the court's action for a new trial in a criminal case.—*Knight v. The State,* 103 Ala. 48; *Jones v. The State,* 104 Ala. 30.

EVANS, J.—The defendant was indicted on the 8th day of September, 1909, in the city court of Talladega, by the grand jury thereof. On the 13th day of September, 1909, he was duly arraigned according to law, and pleaded "not guilty." All the orders of the court appear regular, and according to law, upon the record. On the 4th day of October 1909, the day regularly set for his trial, he was tried and convicted of murder in the second degree. On the trial, the defendant reserved exceptions to the ruling of the trial court on the admissibility of certain evidence, and to a certain part of the oral charge, and to the refusal of the court to give written charges Nos. 1 and 2, asked by defendant. We will consider the exceptions in the order in which they arose on the trial of the case.

On examination of defendant's witness P. C. McKinney, alias Lewis Brown, by the defendant, said witness

testified "that he saw a fuss or difficulty between defendant and deceased; that this fuss occurred about three hours before the shooting; and that in said difficulty he saw deceased hit defendant with a stick." The solicitor objected to going into the details of this difficulty which took place about three hours before the shooting by which deceased was killed. The court sustained the objection, and the defendant excepted. It is a well settled rule of law in this state that, while the fact that there was a former difficulty may be proved to show motive or malice, yet the details of such difficulty cannot be proved.—*Jones v. State,* 116 Ala. 468, 23 So. 135; *Martin v. State,* 77 Ala. 2. The defendant then offered to exhibit a stick, and to prove by the same witness that about three hours before the shooting deceased struck defendant twice with said stick, and ran defendant under the house, and ran after him. The court sustained the objection of the state to the introduction of said evidence. This was, of course, an effort to prove the details of a former difficulty, and was inadmissible upon the authorities above cited.

The defendant. offered to prove what deceased said after the difficulty in which he received the wound from which he afterwards died, and after the defendant had left the place where it occurred. No predicate was laid to prove dying declarations, and to prove what was then said was inadmissible hearsay; as there was neither the sanction of an oath, nor its legal equivalent—the consciousness of impending death.

After the defendant rested his case, the court, against the objection of defendant, allowed the state to recall and examine a witness on matters not inquired into on his first examination. To do so was within the discretion of the trial court.—*Braham v. State,* 143 Ala. 28, 38 South. 919.

The defendant excepted to the following part of the oral charge delivered by the court: "Yet, the mere fact, gentlemen, that a man makes threats against another, that don't put him out of the pale of society, and authorize the man that he is threatening to hunt him up and kill him," upon the ground "that the same was abstract; there being no evidence to support it, or to show that defendant hunted up deceased." Upon a careful consideration of the evidence we are of opinion that the charge is not, in all the phases of the evidence, abstract. There was evidence tending to show that deceased lived at the place where he was killed; that about three hours before the shooting defendant and deceased had a difficulty; and that at the time deceased was killed, or received the fatal wound, he was unarmed and was not attacking defendant. At least, there was evidence from which the jury might have inferred such to be the facts. In view of such evidence, we cannot say that the charge was subject to the objection interposed.

Written charge No. 1, asked by the defendant, was the general affirmative charge, and was properly refused. There was evidence upon which the jury could properly predicate the verdict rendered.

Charge 2 was argumentative, and therefore properly refused. It also pretermits the duty of retreat, and is otherwise bad.

In criminal cases, allowing or refusing a new trial is within the discretion of the trial court.

Affirmed.

DOWDELL, C. J. and ANDERSON and SAYRE, JJ., concur.