# Shaneyfelt *v*. The State.

### *Violating Prohibition Law.*

(Decided April 8 ,1913.   62 South. 331.)

1. *Witnesses; Examination; Leading Questions.*—It was within the trial court's discretion to permit leading questions, and unless abuse is shown, it will not be put in error for doing so.   (Section 4018, Code 1907.)

2. *Same.*—Where a witness had fixed the date of the purchase of liquor subsequent to the finding of the indictment, the court did not abuse its discretion by permitting the witness to be asked whether he remembered being before the grand jury, and whether he did not buy the liquor before he went before the grand jury and prior to the finding. of the indictment.

3. *Intoxicating Liquors; Evidence.*—Where a witness fixed a date of purchase subsequent to the return of the indictment, it was competent to show by the witness that the purchase was before the time he appeared before the grand jury which returned the indictment.

4. *Same; Jury Question.*—Under the evidence in this case, the court properly .submitted the question of defendant's guilt to the jury under an instruction that unless they believed beyond a reasonable doubt that defendant was guilty of such sale within twelve months prior to the finding of· the indictment, they should find defendant not guilty.

5. *Same.*—Where a witness testified that he purchased whisky from defendant within the punishable .period, this would sustain a conviction notwithstanding the witness was unable to state what per cent of alcohol the liquor purchased contained, this not showing that witness did not know that it was whisky.

6. *Same.*—Whisky is a spiritous liquor within the statute prohibiting the sale of spirituous liquors.

APPEAL from Morgan Law and Equity Court.

.Heard before Hon. THOMAS W. WERT.

Elmer Shaneyfelt was convicted of violating· the prohibition law and he appeals.  Affirmed.

C. L. PRICE, and PORTER BRINLEY, for appellant. Where evidence is illegal or irrelevant a general objection is sufficient.—*McClellan v. State*, 117 Ala. 144;

[Shaneyfelt v. The State.]

*Gunter v. State,* 111 Ala. 23. The evidence did not authorize a conviction.—*Washington v. State,* 55 Ala. 355; *Thompson v. State,* 20 Ala. 54; *Segars v. State,* 86 Ala. 59.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was indicted and tried for a violation of the prohibition law. The indictment was returned by the grand jury and filed in open court on October 26, 1911. At the trial, there was but one witness introduced for the state, who testified on direct examination that he bought two pints of whisky from defendant on the same day and paid him 75 cents for it, and that this was in December, 1911. This put the sale proved after the finding of the indictment. Here the solicitor asked the witness: "Do you not remember being before the grand jury in October, 1911, and is it not a fact that you bought said whisky before you went before the grand jury and before the indictment in this case was found against the defendant?" To this question the defendant objected on the ground that it was leading and also called for illegal, incompetent, and immaterial evidence, which objection was overruled by the court, to which action exception was then taken.

While the question is objectionable as being leading, yet the testimony it calls for is clearly competent, material, and relevant. It is often true that a person cannot remember the date, or near the date, when a certain event happened, but does remember clearly that it happened before a certain other event, and after ascertaining the date of the latter event can more proximately fix that of the first. It is within the discretion of the trial court to permit a leading question, and it will not

be put in error in so doing unless it appears that its discretion was abused.—Code, § 4018; *Pitman v. State,* 148 Ala. 612, 42 South. 993; *Reaves v. State,* 158 Ala. 5, 48 South. 373; *Brassell v. State,* 91 Ala. 45, 8 South. 679. We find here no abuse of that discretion.

The witness answered that he bought the whisky before he went before the grand jury, but did not remember when it was that the grand jury convened. He stated further, upon interrogation by the solicitor, that he bought the whisky two or three or four months before the grand jury convened. On cross-examination he stated that he bought the whisky December 1, 1910, and then further qualified it by saying: "I would not say for certain whether it was on Monday, but it was about the first of December, 1910, or about the first of December, 1911; I couldn't say which."

Upon conclusion of the testimony of this witness, which was all that was introduced by the state, the defendant's counsel moved to exclude his testimony on substantially the following grounds: (1) Because the evidence showed that the alleged sale testified to was made in December, 1911, and after the date when the indictment was found and filed. (2) Because the evidence is not sufficient to sustain the indictment. (3) Because the evidence varies from the allegations of the indictment. (4) Because the evidence is incompetent, irrelevant, and immaterial.

There was evidence tending to show a sale of the liquor by the defendant to the witness within 12 months before the finding of the indictment, its weight was exclusively for the jury, and the court properly overruled the motion. That the jury understood that the burden was on them of determining from the evidence and believing beyond a reasonable doubt all the essential facts is clear from the following written charge given them

by the court at defendant's request, to wit: "Gentle-
men of the jury, unless you believe from the evidence
beyond all reasonable doubt that the defendant is guilty
as charged in the indictment of selling whisky to the
witness (Darris Johnson) at the time and place re-
lied on by the state * * * within 12 months prior to Oc-
tober 26, 1911 [the date of the finding of the indict-
ment], you must find the defendant not guilty."

Although, on cross-examination, the state's witness
testified that he did not know how much alcohol the
whisky he bought from defendant contained, whether
one-half of one per cent. of alcohol or not; yet he did
testify that it was whisky. The ordinary man knows
what whisky is from its taste, appearance, and effect
upon his system; but a great many who thus know what
it is do not even know that alcohol is one of its ingre-
dients, much less the percentage of it that it contains.
The statute prohibits the sale of spirituous liquors,
whisky is a spirituous liquor, and witness swore that
it was whisky that he bought from defendant. His
cross-examination did not reveal that it was not whis-
ky, but only revealed that witness did not know the
ingredients of whisky. This is not a sufficient test of
witness' knowledge of whisky to show that he did not
know that what he bought was whisky. Hence the trial
court properly submitted the matter to the jury.

We find no error in the record, and the judgment of
conviction is affirmed.

Affirmed.