(77 South. 75)

PILCHER v. STATE. (4 Div. 452.)

(Court of Appeals of Alabama. June 26, 1917. Rehearing Denied Nov. 13, 1917.)

1. HOMICIDE ⟸213, 215(1)—DYING DECLARATION.

The ordinary rules as to admissibility of evidence generally, or of the competency of the witness testifying, apply to the admissibility of dying declarations, and to the competency of the declarant at the time of the declaration.

2. HOMICIDE ⟸215(1)—DYING DECLARATION.

Hearsay evidence cannot be rendered admissible by being included in a dying declaration.

3. HOMICIDE ⟸215(4)—DYING DECLARATION.

A mere conclusion or an expression of opinion or belief by a dying man is inadmissible as a dying declaration.

4. HOMICIDE ⟸215(4)—DYING DECLARATION —"MURDER"—"KILL."

In homicide trial, it was error to overrule accused's motion to exclude that portion of the victim's dying declaration stating that accused "murdered" him as being an opinion or conclusion of the declarant; for "murder" in law is defined to be "the unlawful killing of a human being, with malice aforethought, express or implied," and to murder is to kill with malice aforethought and intention, as distinguished from the word "kill," which does not necessarily mean any more than to deprive of life, as a man may kill another by accident, or in self-defense, and in many other ways, without the imputation of crime, and therefore "murder" implies a felonious homicide, while the word "kill" does not contain such implication.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Kill; Murder.]

5. CRIMINAL LAW ⟸1088(18) — APPEAL — RECORD—INSTRUCTIONS REFUSED.

Unless, as required by Acts 1915, p. 815, the general charge and the refused and given charges are made a part of the record proper, rather than merely incorporated in the bill of exceptions, they are not reviewable.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Grady Pilcher was convicted of crime, and appeals. Reversed and remanded. Certiorari denied 201 Ala. 697, 77 South.1001.

Sollie & Sollie, of Ozark, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The evidence in this case, which is practically without conflict, discloses the following facts: That the defendant, a police officer of the city of Dothan, while on duty as such officer and in the discharge of said duty, arrested the deceased for the commission of an offense against the ordinances of said city, and which was committed in the presence of the officer; that the deceased was a man of violent, turbulent, and bloodthirsty character, and while being carried in the direction of the city prison, and while under arrest, resisted the arrest and cursed and abused the police officer in vile terms, and with an open knife in his hand advanced upon the officer, with his hand raised in a cutting position, and notwithstanding the officer warned him several times not to come on him with the knife, the officer stepping back all this time, the deceased continued to advance and was within two steps of the officer when the shot was fired which resulted in the death of the deceased. The evidence further shows, and without conflict, that deceased, a short time before the difficulty, had threatened on several occasions to take the life of the defendant. The facts shown by the state were very meager, and consisted of the testimony of the mother of the deceased, who testified that her son died on the 14th day of May, 1914, and the testimony of one J. A. Wood, who swore that the deceased made a dying declaration to him, and also that subsequent to the killing the defendant came to his place of business and made a statement or confession to him about the difficulty, and showed him the knife that he said the deceased had attempted to cut him with.

There were few exceptions reserved during the trial of the case, and these relate (1) to the ruling of the court on the testimony of the witness J. A. Wood as to the alleged confession made by the defendant to said witness. It is insisted that no proper predicate was laid showing that the statement or confession made by the defendant was voluntary. There is no merit in this contention, it having been shown by the predicate laid that the statement or confession so made was wholly voluntary, as no inducement of any kind or character had been made to the defendant in order to get him to make a statement, neither had he been threatened or coerced in any manner in this connection, nor was he told that it would be better for him to make a statement, neither was he offered any reward to do so, etc. This predicate met every requirement of the rule of law authorizing the introduction into evidence of the confessions of the defendant.

2. The next insistence of error was to the ruling of the court on the admission of the dying declarations of the deceased. There were several grounds of objection insisted upon in this connection, but the two material grounds appear to be (1) because it was not shown that at the time the statement was made by deceased, he (the deceased) had given up hope of recovery, nor that he was under a sense of approaching death, and (2) that the statement so made was illegal, incompetent, irrelevant, and inadmissible in that it was the opinion or conclusion of deceased. The exceptions were reserved in this connection in every conceivable manner. The dying declarations which were admitted over the objection of the defendant, and which the court declined to

---

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

exclude upon motion of the defendant are as follows: "Well he said that that fellow murdered him, that the fellow was Grady Pilcher" (the defendant).

[1-3] The ordinary rules that are invoked for the determination of the admissibility of evidence generally or of the competency of the witness testifying, are applicable to the admissibility of dying declarations and to the competency of the declarant at the time he made the declarations. Hence whatever would exclude the testimony of a witness, if living, will exclude his dying declarations, and whatever would render a witness, if living, incompetent to testify, will make his declarations inadmissible by reason of such incompetency. In other words, the universal rule is that dying declarations are admissible only in a case where the evidence would be competent if the declarant were on the witness stand. Therefore hearsay evidence cannot be rendered admissible by being included in a dying declaration; neither is a mere conclusion or an expression of opinion or belief by a dying man admissible as a dying declaration, and such a conclusion, expression of opinion, or belief of a dying man cannot be received in evidence. 1 R. C. L. p. 530; 21 Cyc. 988; Sullivan v. State, 102 Ala. 135, 15 South. 264, 48 Am. St. Rep. 22; Williams v. State, 130 Ala. 107, 30 South. 484.

[4, 5] It is conceded to be the law that the dying declarations of the deceased must conform to the same rules of evidence as if the deceased himself were alive and on the witness stand. Therefore the question is presented, Would it be permissible for a witness on the stand to testify that the defendant had murdered a man? It is earnestly insisted by the appellant that the statement "that fellow murdered him," is not a statement of a "collective fact," but that it is the statement of a conclusion, and the conclusion stated is one that groups together and asserts the state's insistence as to every issue of fact joined by the parties and tendered by the indictment and the defendant's plea of not guilty, and that by allowing the witness to give that statement from the lips of the deceased, the lower court thereby permitted the deceased, in the guise and pretense of testifying, though dead, to get before the jury his conclusion that defendant was guilty as charged; the very question the jury were there to try and determine upon the evidence offered for and against that conclusion, and it is also insisted that by every known authority this may not be legally done, against the defendant's timely legal objection, which he here interposed.

The state, on the other hand, contends that the court committed no error in its rulings by admitting in evidence the declarations above quoted and in overruling the defendant's motion to exclude same; and in this connection insist that the case of Parker v. State, 10 Ala. App. 53, 65 South. 90, is exactly in point, and that the facts create an almost exact parallel to this case. There the deceased had made the statement that the defendant had "killed him," and the state insists that it is a matter of common knowledge that the words "kill" and "murder" are used interchangeably in this state, and are therefore synonymous. "Murder" in law is defined to be "the unlawful killing of a human being, with malice aforethought, expressed or implied." To murder is to kill with malicious forethought and intention. The word "kill" does not necessarily mean any more than to deprive of life. A man may kill another by accident, or in self-defense, and in many other ways, without the imputation of crime. Therefore it will be seen that "murder" implies a felonious homicide; while the word "kill" does not contain such implication. Pretermitting, therefore, the sufficiency of the predicate for the introduction of the dying declarations, we are of the opinion that the court erred in overruling the defendant's motion to exclude that portion, "that man murdered me," on the ground that this statement was an opinion or conclusion of the declarant. It cannot seriously be contended that if the deceased was on the witness stand he would have been permitted under the law to testify to this identical statement.

This disposes of the only question which is properly presented for review in this case, as the written charges refused to the defendant are not presented in accordance with the law (Acts 1915, p. 815), and we are therefore without authority to review them. These refused charges requested in writing by the defendant, and the general oral charge of the court are not set out in the record, as required by the provisions of Acts 1915, supra, but are incorporated only in the bill of exceptions. The Supreme Court has repeatedly held that the proceedings of the lower court which are required to be made a part of the record proper, are not reviewable when they appear only in the bill of exceptions. The act above referred to requires the general charge of the court and the refused and given charges to be made a part of the record proper, and unless this is done they are not presented for review. Acts 1915, p. 815; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

For the error pointed out in overruling the motion of defendant to exclude the dying declaration of the deceased which was incompetent as above discussed and held, the judgment of conviction in this case is reversed and the cause remanded.

Reversed and remanded.