(89 South. 835)
GISSENDANNER v. STATE.    (4 Div. 667.)

(Court of Appeals of Alabama.    June 21, 1921.)

Homicide ⟨⟩215(4), 216—Evidence as to conclusion held improperly admitted, where no predicate for dying declaration.

In prosecution for murder, admission of the testimony of deceased's wife that shortly before his death deceased had said that the accused had robbed him was erroneous, where no predicate had been laid for a dying declaration, and as being a conclusion and immaterial.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Brice Gissendanner, alias, etc., was convicted of manslaughter in the first degree, and he appealed. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. On the trial of the case the wife of the deceased, over the timely objection of defendant, was permitted to testify that shortly before his death deceased had said "Bricie [meaning defendant] had robbed him." This testimony was not admissible for two reasons: First, no predicate had been laid for a dying declaration; Second, the statement was a conclusion. Pilcher v. State, 16 Ala. App. 237, 77 South. 75; Pressley v. State, 166 Ala. 17, 52 South. 337; Reaves v. State, 158 Ala. 5, 48 South. 373; Oliver v. State, 17 Ala. 587; Autrey v. State, 190 Ala. 10, 67 South. 237. Further, this evidence is not shown to be material.

The only effect of this evidence was to prejudice the defendant's case in the minds of the jury.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes