**LE NIER v. STATE. (6 Div. 167.)**

(Court of Appeals of Alabama. May 8, 1923.)

1. **Criminal law 🕮1030(1), 1048—Points raised without proper objection and exception not considered.**

Points raised without proper objection and exception will not be considered.

2. **Homicide 🕮215(4)—Testimony as to deceased's statement that defendant was coward to shoot him up held improper as conclusion.**

Testimony, in a murder trial, that deceased stated that defendant "was a dirty coward to shoot him up that way," *held* improper as a conclusion.

3. **Homicide 🕮214(1) — Properly predicated dying declaration admissible if relevant facts are stated.**

Dying declarations properly predicated are admissible if facts relevant to the issues involved are stated.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Wed Le Nier was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Edward De Graffenried, Jr., of Tuscaloosa, for appellant.

Dying declarations, consisting of conclusions, opinions, or briefs, which would not be received if declarant were a witness, are not admissible. 2 Michie on Homicide, 1083; U. S. v. Veitch, 1 Cranch, C. C. 115, Fed. Cas. No. 16614; 21 Cyc. 988; Fonville v. State, 91 Ala. 39, 8 South. 688; Sanford v. State, 143 Ala. 78, 39 South. 370; Williams v. State, 130 Ala. 107, 30 South. 484; Norwood v. State, 11 Ala. App. 30, 65 South. 851.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] It will not be necessary to make a full statement of the evidence in this case, as we have examined the record and find that as to questions which might otherwise be discussed, no proper exceptions were reserved, and as to those points now raised, without such proper objection and exception, this court will not consider. Bean v. State, 18 Ala. App. 281, 91 South. 499.

[2] While Lester Boswell was being examined as a witness for the state, preliminary to the offering of testimony of a dying declaration, the solicitor asked: "I will ask you if Mr. Howton said he knew he was going to die?" The reply was: "Howton said he was shot to kill." Witness was then asked: "Did he then say anything in your presence about how it happened, anything about it?" There was a general objection to this question, but no exception was reserved. In answer to the question the witness answered: "Said he was a dirty coward to shoot him up that way." Motion was made to exclude this answer on the ground, among others, that it was a conclusion or opinion. This motion was overruled and defendant excepted.

[3] No exception having been reserved to the action of the court in overruling the objection to the question, it is not necessary for us to pass upon the sufficiency of the predicate; but the answer was clearly a conclusion. Dying declarations, when properly predicated, are admissible in evidence, when and where facts are stated relevant to the issues involved, but not otherwise. Gissendanner v. State, 18 Ala. App. 199, 89 South. 835; Pilcher v. State, 16 Ala. App. 237, 77 South. 75.

Upon a reading of this entire record, we must conclude that the foregoing error was prejudicial to defendant's rights, and therefore the judgment is reversed, and the cause is remanded.

Reversed and remanded.

FOSTER, J., not sitting.