## JIM PERKINS V. THE STATE.

No. 8427.   Decided June 27, 1924.

Rehearing denied November 5, 1924.

**1.—Sale of Intoxicating Liquor—Charge of Court—Peremptory Instruction.**

Where the evidence either direct or circumstantial is sufficient to support a conviction, it is the duty of the court to submit the case to the jury, and to refuse a peremptory instruction to return a verdict of not guilty.

**2.—Same—Evidence—Admissibility of.**

The court properly permitted witness Woodruff to testify that he saw his brother pour out some of the contents of the bottle in a glass. The court's qualification of appellant's bill, sets out that Woodruff had testified positively that it was the same bottle that appellant had delivered to his brother on the night before.

**3.—Same—Charge of Court—Special Charges.**

Where there is no affirmative testimony offered by appellant whatever, a special charge requested by appellant, of an argumentative character and upon the weight of the evidence, is properly refused.

**4.—Same—Charge of Court—Special Charges—Properly Refused.**

In this case it was not error for the court to refuse a special charge to the effect that unless the jury believed beyond a reasonable doubt that the contents of the bottle alleged to have been delivered by appellant was capable of producing intoxication to acquit. It was in evidence that the bottle contained whisky. Courts judicially recognize that whisky is an intoxicant. See Shaneyfelt v. State, 8 Ala. App., 370.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for sale of intoxicating liquor; penalty, two years in the penitentiary.

*Bartlett & Patman,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Appellant is under conviction for the sale of intoxicating liquor, punishment being assessed at two years in the penitentiary.

The purchaser named in the indictment is Pete Woodruff. He was a man about seventy-five years of age. He testified that on the day of the alleged sale of the whisky that night he had gone to the town of Atlanta with appellant; that on the way back appellant represented that he had some good whisky and offered to sell witness a quart which

he promised to purchase, telling appellant at the time that he did not want any "bootleg" whisky. Peter Woodruff spent the night with his brother, C. W. Woodruff, who appears to have been keeping house by himself. Appellant appeared at the house some time during the night after the brothers had retired. C. W. Woodruff lit the lamp, and appellant came in and delivered to Pete Woodruff a pint of white liquid, the bottle containing which he set down by the side of Pete Woodruff's bed, the latter giving appellant a dollar bill in payment therefor. C. W. Woodruff testified that the next morning his brother put some sugar and water in a glass, poured some of the liquid in it and drank it. The remainder was left at the house of witness for several days when he sent it to his brother Pete. This witness does not purport to say or know what the liquid was. Pete Woodruff appears to have failed to remember drinking any of the liquor on the morning after the purchase, but says upon examination he discovered it was white and had charcoal in it; that it smelled "like a sorry grade of whisky," but that he did not know what it was. Appellant introduced no evidence of any character.

It is contended that under the facts related appellant was entitled to an instructed verdict of not guilty. The evidence authorized its submission to the jury and the verdict is supported thereby.

Appellant complains because C. W. Woodruff was permitted to testify that he saw his brother pour out some of the contents of the bottle into a glass, put some sugar in it and drink it, the objection being that there was no evidence that the bottle from which the liquid was poured was the same as that alleged to have been delivered by appellant the night before. We think there is no merit in this contention. The bill is qualified by the court with the statement that C. W. Woodruff had testified positively that it was the same bottle that appellant had delivered to his brother. This same question is also presented in another bill which is qualified with the same explanation as the bill just discussed.

The court was requested to charge the jury substantially that although appellant told the alleged purchaser that he would sell him whisky, and did deliver what purported to be whisky, yet, if the State had failed to prove beyond a reasonable doubt that the contents of the bottle was whisky capable of producing intoxication appellant should be acquited. It must be borne in mind that there was no affirmative testimony offered by appellant whatever; the court had told the jury in his main charge that if appellant had unlawfully sold to Pete Woodruff intoxicating liquor to find him guilty, and if they had a reasonable doubt as to his guilt to acquit him. The form of the special charge requested was argumentative, and if not upon the weight of the evidence comes very close to a violation of that rule. The court committed no error in declining to give the requested instruction.

Neither was there error in the refusal of the court to give the special charge to the effect that unless the jury believed from the evidence beyond a reasonable doubt that the contents of the bottle alleged to have been delivered to Pete Woodruff by appellant was capable of producing intoxication they would acquit appellant. The contract entered into by the alleged purchaser and appellant the day before was for the sale and purchase of whisky; the liquor delivered bore the scent of a poor grade of whisky.

Finding no error in the record which in our opinion would justify a reversal, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

MORROW, PRESIDING JUDGE.—According to the testimony of C. W. Woodruff, the appellant came to the home of the witness while Peter Woodruff, the witness' brother, was present. A transaction there took place between the appellant and Peter Woodruff in which the appellant passed a bottle to Peter Woodruff and received a dollar from him. It was a quart bottle half full of a white liquid. The bottle remained setting by the bed of Peter Woodruff until the following morning, when the witness saw Peter Woodruff pour some of the contents of the bottle into a glass, put sugar in it, and mix it with water. The witness did not see Peter Woodruff drink it. His attention was engaged in getting breakfast. A few minutes after the mixture was made, the witness saw the empty glass. The bottle remained at the home of the witness for several days and was then sent to his brother.

Peter Woodruff, an aged man, testified that while he and the appellant were riding together in a buggy the appellant asked the witness if he wanted some whisky, to which the witness replied that he did want some good whisky but not white bootleg whisky. Upon the appellant's statement that he had some good whisky, the witness requested that a quart be brought to him. On the same evening, while the witness was at the home of his brother, C. W. Woodruff, the appellant brought a bottle containing about a pint of liquid for which the witness paid a dollar, the price named by the appellant. The witness, Peter Woodruff, was asked how many toddies he had made, to which he replied:

"I don't remember making any, but my brother said I did. I cannot say whether I did or not, I might have done it and I might not. When I bought that stuff in the bottle, I bought it for whisky because I wanted some."

The witness said he thought it was whisky that he got because the appellant told him on the way from Atlanta that he could get some whisky, and when it was brought, he paid a dollar for it. The witness smelled the contents of the bottle, and it smelled like sorry whisky. He said:

"I never did drink any of it. I say it smelled like sorry whisky, but I don't know what it was."

The sufficiency of this evidence to prove that the article was intoxicating liquor is called in question. It seems that the appellant proposed to sell whisky; that he promised to deliver whisky; that he did deliver a bottle containing a pint of liquid, for which he charged and was paid a dollar. The circumstances are sufficient to show that the purchaser made a toddy from the liquid; that he drank it, and that the liquid smelled like whisky.

The uncontroverted evidence shows circumstantially the admission of the accused that the article sold by him was whisky. The evidence on the subject, testified by the other facts leading to the conclusion that it was whisky, impresses us as being sufficient to support the verdict.

The courts take judicial knowledge of the fact that whisky is intoxicating liquor. The facts proved are sufficient to support the finding of the jury that the article sold was whisky. It was not necessary to prove the alcoholic content. Shaneyfelt v. State, 8 Ala. App., 370. In the absence of any explanatory testimony, it was enough to prove that the article sold was whisky.

The motion for rehearing is overruled.

*Overruled.*