(104 So. 878)

## JONES v. STATE.  (7 Div. 25.)

(Court of Appeals of Alabama. June 30, 1925.)

1. Homicide ⚖⟶214(1)—When statements admissible as dying declarations stated.

The recitals in dying declarations, which are admissible, include those of fact which might have been given by declarant if living and appearing at trial, and may include statements of fact occurring or existing coincident with the commission of the homicide, and tending to establish the essential elements of the crime.

2. Homicide ⚖⟶215(4)—Statement of opinion not admissible as dying declaration.

Statements in dying declaration are not admissible if stating opinion only.

3. Homicide ⚖⟶214(3)—Dying declarations held improperly admitted.

In prosecution for homicide, statements in dying declaration that deceased said he wanted witness to go and stay with his children as long as witness lived; that he had no chance to run when he saw defendants about to shoot; that one was on each side of him and had him surrounded should have been excluded as irrelevant and not part of res gestæ.

4. Homicide ⚖⟶169(3)—Refusal to permit defendant in homicide case to show nature of former difficulty with deceased held error.

In prosecution for homicide, where there was testimony of former difficulty between deceased and defendant a few days before homicide, refusal to permit defendant to show the general nature and gravity of such difficulty, nc attempt being made to enter into details of the controversy, held error.

5. Criminal law ⚖⟶713—Familiarity with jury on part of counsel improper.

In prosecution for homicide, familiarity with jury upon part of counsel during argument, by patting them on the knee, held improper.

6. Criminal law ⚖⟶723(1)—Attorney should not appeal to prejudice of jury.

Attorney, when presenting a case to jury, should not appeal to their prejudice.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Lee Jones was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Luther L. Saxon, P. O. Luck, and Longshore, Koenig & Longshore, all of Columbiana, for appellant.

Dying declarations are admissible only where the evidence would be competent if the declarant were on the witness stand. Pilcher v. State, 16 Ala. App. 237, 77 So. 75; Ratliff v. State, 19 Ala. App. 505, 98 So. 493; Le Nier v. State, 19 Ala. App. 227, 96 So. 459; Gissendanner v. State, 18 Ala. App. 199, 89 So. 835.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment charged murder in the first degree. The trial resulted in the conviction of the defendant of manslaughter in the first degree, and his punishment was fixed by the jury at 10 years' imprisonment in the penitentiary. Sentence was accordingly pronounced, and judgment of conviction duly entered. From the judgment this appeal was taken.

Numerous questions are presented for the consideration of this court, but it appears that the principal insistence of error is predicated upon the rulings of the court upon the admission and rejection of testimony.

⚖⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
21 ALA.APP.—3

Under the uniform decisions it is clear that the trial court committed reversible error in overruling the objections interposed to certain portions of the dying declarations, and in declining to exclude same from the consideration of the jury upon motion of defendant.

There is probably no merit in the insistence that no sufficient predicate was proven for the admission of the dying declarations. In fact it does not appear that counsel for appellant seriously insist upon this point. Under many decisions in this state, we hold that the predicate proven met the required rule, and was sufficient for the introduction of a dying declaration.

[1, 2] Under the rule, the recitals in dying declarations, which are admissible in evidence, include recitals of fact which might have been given by the declarant if living and appearing at the trial, and may include statements of facts occurring or existing coincident with the commission of the homicide, and tending to establish the essential elements of the crime. The declaration should not contain matter which would be excluded if the declarant was a witness. Pilcher v. State, 16 Ala. App. 237, 77 So. 75. Dying declarations are not admissible if stating opinions only. The declarant is beyond the reach of cross-examination to ascertain the grounds upon which his opinions may be based, and other reasons may exist which would exclude his opinion if he were a living witness. "Opinions in dying declarations are inadmissible. It is indispensable that the dying declarations should consist solely of facts, and not of conclusions, mental impressions, or opinion." Underhill, Criminal Ev. 2d Ed. In other words, the declaration is admissible only so far as it points directly to the facts constituting the res gestæ of the homicide; that is to say, to the act of killing and to the circumstances immediately attendant thereon.

In the instant case, the dying declarations, admitted over the objections, motions to exclude, and exceptions of defendant were as follows, as testified to by witness Jim Jones, father of Dock Jones, deceased. He testified:

"I saw my son after he was shot.

"Q. Tell the jury what he said, if anything, about his condition—whether he expected to live? Ans. He said that he did not expect to get well; said Lee [defendant] shot him, and he was going to die and mighty quick he thought.

"Q. State what he told you? Ans. He said Lee shot him, and that he was going to die, and I asked him how come him to do it, and he did not answer me right then, and went on to tell me what he wanted me to do; he said he wanted me to go stay with his children as long as I lived, and do the best I could with them; that he knowed that he was not going to live, and I asked him why he did not run when he seed he was going to shoot him, and he said he did not have any chance to run, that George Pearson was on one side of him with a shotgun and Lee on the other, and said they had him surrounded, and I asked him who it was, and he said Lee Jones and George Pearson; that is as nigh as I could tell you what he said."

[3] Appellant moved the court to exclude said testimony and each sentence and paragraph thereof separately and severally. Appellant made specific motion to exclude from the consideration of the jury the following statements included in the dying declarations:

"(1) And he went on to tell me what he wanted me to do. He said he wanted me to go and stay with his children as long as I lived and do the best I could for them.

"(2) And I asked him why he did not run when he seed he was going to shoot him, and he said he did not have any chance to run.

"(3) That George Pearson was on one side of him with a shotgun and Lee on the other side.

"(4) And said they had him surrounded."

The court overruled each of said motions, and defendant duly reserved exceptions.

In Sullivan v. State, 102 Ala. 135, 15 So. 264, 48 Am. St. Rep. 22, Chief Justice Brickell for the court held that that portion of the dying declaration, viz. "I pray God to forgive him," should have been excluded, and that the court committed error in declining to do so. The court said:

"This should have been excluded. It did not, in any way, relate to, or shed any light on the act of killing, or that which apparently led to it."

In Ratliff v. State, 19 Ala. App. 505, 98 So. 493, this court held it was error not to exclude from the dying declaration the following statement: "Sugar, kiss your baby goodbye; he's going to die; be a good sweet girl, and do the best you can"—for the reason it had no bearing upon the issues involved, and was therefore not relevant.

In Humber v. State, 19 Ala. App. 451, 99 So. 68, this court held, as not being admissible as dying declaration, the following statements:

"I want some hot cloths laid over my stomach. I'm hurting so bad. Hot cloths are sometimes good to ease pain."

The court stating:

"The declaration of deceased was not so intimately connected in time with the shooting as to constitute part of the transaction or to illustrate its character. It was not of the res gestæ."

A case directly in point with the one at bar is that of Johnson v. State, 94 Ala. 35, 10 So. 667 (8th headnote):

"The declarations [of deceased] after receiving the fatal shot, to the effect that she wanted him to keep and raise the children, not being brought within the rule which governs dying declarations, nor within the principle of res gestæ, are properly excluded as evidence."

Justice Coleman, for the court made use of this statement:

"The declarations were not admissible for any purpose."

In Le Nier v. State, 19 Ala. App. 227, 96 So. 459, this court held that the statement in a dying declaration, "said he was a dirty coward to shoot him up that way," was clearly a conclusion.

[4] There was testimony of a former difficulty between deceased and defendant, alleged to have happened the day before the fatal difficulty. In this connection the defendant undertook to show the general nature and gravity of said former difficulty, but the court sustained the state's objection, and would not permit the defendant to do so. There appears no effort upon the part of the defendant, in this connection, to enter into the details of such alleged former difficulty. That he had the right to show the general nature and gravity of such difficulty, but not the details, has many times been decided. The court committed reversible error in sustaining the objection interposed by state. Thornton v. State, 18 Ala. App. 225, 90 So. 66; Wright v. State, 19 Ala. App. 562, 99 So. 52; Folkes v. State, 17 Ala. App. 119, 82 So. 567.

[5, 6] Several insistencies of error in connection with the argument and conduct of the solicitor are presented. Familiarity with the jury upon the part of counsel, by patting them on the knee or otherwise, should not be indulged, and cannot bear the stamp of approval. Nor should an attorney, when presenting the case to the jury, undertake to appeal to the prejudice of the jury, for it is not the prerogative of counsel nor has he the right to appeal to the prejudice of the jury as against his adversary. While the matters complained of in this connection are insisted upon as constituting reversible error, we refrain from so deciding, for the reason that the judgment of conviction must, as hereinabove stated, be reversed because of the erroneous rulings of the court. It is probably in point, however, to direct attention to the case of Rowe v. State, 20 Ala. App. 119, 101 So. 91.

Other questions presented need not be considered. For the errors designated, the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.