## W. E. ELMS V. THE STATE.

No. 9618.  Delivered January 27, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Held, Sufficient.**

Where, on a trial for transporting intoxicating liquor, it is shown that appellant was arrested while in possession of a Cadillac automobile in which was found 223 quart bottles labeled whiskey, secreted in a false back and bottom built in said car, and two officers testified that the bottles contained whiskey, that they had broken two bottles, and knew it was whiskey from the smell, such evidence in our opinion fully supports the verdict of the jury. Following Hughes v. State, 268 S. W. 960.

**2.—Same—Whiskey—Is an Intoxicant.**

Whiskey has always been judicially held to be an intoxicant, and where on a trial for a violation of our liquor laws, whiskey is proven, it is not necessary to go further and prove that it was intoxicating, and that the liquid was whiskey may be proven by circumstances, as well as by direct evidence. Following Cathey v. State, 252 S. W. 534, and other cases cited. Underhill on Crim. Ev., 3rd Ed. Sec. 200.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Parker & Moore* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant was apprehended while driving upon the public highway in a Cadillac automobile. In the automobile there were 223 quarts of a liquid which the jury found to be whiskey. There were license numbers at Fort Worth upon the car, and in it were Louisiana number plates. Most of the bottles of the liquid were not observable upon a casual examination of the car. Part of them were back of the upholstering, and a part of them were underneath the floor, where there had been constructed a box or false bottom under the frame. The upholstering was thick and also had what the witness described as "a kind of a box".

The sufficiency of the evidence to support the finding of the jury that the liquid was whiskey is the sole question for review. The liquid was delivered to the sheriff of Harrison County. Two officers were present at the time of the arrest. One of them said:

"I made an examination of the car at that time and found it contained bottled-in-bond whiskey, something over two hundred quarts."

This witness said that he did not taste the contents of any of the bottles and could not swear that it was whiskey except from its appearance and odor. There were some broken bottles that had the odor of whiskey. The other officer said that the liquid was in a specially built car, "looked like for the purpose of hauling whiskey." It had the whiskey behind the upholstering and underneath the car. The liquid was bonded whiskey. The arresting officers did not remove the whiskey from the car. The sheriff testified that he was present at the jail when the car arrived; that it contained 223 quarts of whiskey. He said:

"Yes, sir; it was whiskey. The whiskey is down at the jail; none of it has been destroyed. It is all there. I can produce some of it here in court. It is bonded and labeled whiskey. * * * I did not drink any of the whiskey. I would swear that it was intoxicating. We broke two bottles in getting it out of the car."

He further said that the bottles were examined by him, and that he would swear that it was whiskey from the looks and smell of it; that he had handled much of the article and could not be mistaken. From the odor he could tell that it contained some alcohol. It seems that the sheriff produced some of the bottles in court. He said that he knew it to be whiskey; that there were 122 or 123 quarts of Canadian Club Whiskey; that it was in the kind of bottles used by the manufacturers of Canadian Club Whiskey. One of the bottles in possession of the sheriff was opened while he was upon the witness stand and smelled by him. He testified that he had not tasted it, but that it had the odor of whiskey.

In our judgment, the verdict of the jury touching the intoxicating properties of the liquid does not rest alone upon the opinion of the witnesses, based upon the odor of the liquid. If the liquid in the bottles was whiskey, no further proof of its intoxicating qualities would be demanded. The courts take judicial knowledge of the fact that whiskey is an intoxicating liquor. Rutherford v. State, 49 Tex. Crim. Rep.

21; Lerma v. State, 194 S. W. Rep. 168. The circumstances attending the transaction, including the conduct of the appellant, together with the opinions expressed, are deemed sufficient to support the verdict. In addition to the testimony of the witnesses that the liquid had the appearance and odor of whiskey, there was evidence that it was contained in bottles designed and used for a certain kind of whiskey; that much of it was labeled whiskey; that the liquid was secreted in an automobile which was specially designed for such a purpose; that number plates for the car of both Louisiana and Texas were possessed; that the liquid had the appearance, as well as odor, of whiskey. All these matters bore upon the issue mentioned. See Kellum v. State, No. 9524, recently decided; also Hughes v. State, 268 S. W. Rep. 960.

It is true that it was within the power of the State to have the liquid analyzed. It is not essential, however, that this be done. See Cathey v. State, 252 S. W. Rep. 534. The intoxicating quality of the liquid was provable by circumstances. See Jones v. State, 86 Tex. Crim. Rep. 261; Cabiale v. United States, 276 Fed. Rep. 769; People v. Emmons, 178 Mich. 126; Amer. & Eng. Ann. Cas., 1915D, 425; Underhill on Crim. Ev., 3rd Ed. Sec. 200.

An affirmance of the judgment is ordered.

*Affirmed.*