### MELVIN THOMPSON v. THE STATE.

No. 13198. Delivered March 26, 1930.
Rehearing denied May 21, 1930.
Reported in 28 S. W. (2d) 151.

The opinion states the case.

*Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, two years in the penitentiary.

It is vigorously insisted that the evidence is insufficient in this case in that it does not show that the liquid shown to have been purchased was whiskey. We quote literally a portion of the purchaser's testimony:

"I told him (the appellant) I wanted a pint of whiskey, and he said, 'I have got it.' I paid him a dollar and a half for it. * * * There was a table in there and it was four or five feet long and it had a white cloth over it, and about that high off the floor, and the cloth came down about eighteen inches, and he reached under there and pulled out a drawer and got a pint of whiskey from there. I saw some more whiskey. I never counted them; I guess there were twelve or fifteen pints. As to whether I stood there talking with him awhile, I will state that he just handed me the pint of whiskey —he first wrapped it in a newspaper and handed it to me, and I gave him a dollar bill and fifty cents. * * * It was in the day time. It was wrapped in a newspaper. I brought it back down to town. I did not stop and drink any of it. I never did drink any of it; I never tasted it. I carried it away wrapped in a newspaper."

This testimony was apparently given without objection and no motion was made to strike the statement that the article was whiskey because it was the opinion of a non-expert not based upon any stated facts. It has been many times held that such testimony may be given by a non-expert witness. Cathey v. State, 94 Tex. Crim. Rep. 599; Hannon v. State, 96 Tex. Crim. Rep. 660; Ledbetter v. State, 97 Tex. Crim. Rep. 267; Guse v. State, 97 Tex. Crim. Rep. 212; Kellum v. State, 102 Tex. Crim. Rep. 537; Elms v. State, 103 Tex. Crim. Rep. 73; 279 S. W. 826; Perkins v. State, 98 Tex. Crim. Rep. 329; 265 S. W. 702. We regard the effect of this testimony as proof of an admission on the part of appellant that the liquid was whiskey. Both parties to the transaction regarded it as such. The

circumstances rebut the inference that it may have been vinegar or coffee, as suggested by appellant. The purchaser testified positively that the liquid was whiskey and that he may give such testimony is the rule reiterated in many cases, as an examination of the authorities supra will demonstrate. The facts show he had full opportunity to observe the liquid, and to know its odor, though it is shown he did not taste it. In our opinion the evidence was sufficient and the reasoning of the cases cited above we think support this conclusion.

Objection was made to this statement of the purchaser:

"While I talked to him he made a statement to me as to who had been up there at his place. He told me that Mr. Mills was up there the day before and searched his place and did not search this table."

Objection to this was sustained. We do not think in view of the Court's action that the matter presents such error as would demand a reversal; besides, the issues developed in the trial made this rejected testimony helpful to appellant in view of the matter discussed below.

The indictment alleged the date of the purchase as "on or about the 11th day of July." The purchaser declined to be more specific as to the date of the purchase than to say that it happened on or about the 11th day of July. Appellant claimed surprise and asked for a postponement in that he had witnesses who would testify to an alibi for appellant if a time could be definitely fixed. It was definitely fixed by the statement of which complaint is made above in that it is shown to have been the day following the raid by Mr. Mills in July. Moreover we do not think the mere failure to name an exact date could under the facts shown here be made the basis for a surprise which would justify a postponement of the case.

Motion for second postponement or continuance was made but it is so plainly lacking in diligence and its averments as to what could be proved are of such a general character that we deem it unnecessary to discuss it in detail. For authorities on this point see Vernon's C. C. P., Art. 543, Note 5, and authorities collated; Stephens v. State, 69 Tex. Crim. Rep. 379.

We have considered all of appellant's bills and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion and oral argument in support thereof, appellant attacks the sufficiency of the testimony, and urges that the State did not prove that the liquor sold by him was intoxicating liquor. We have looked up the authorities cited by appellant, but do not deem them in point. The facts are stated and quoted from in our former opinion. Same show pointed, positive and repeated statements of the alleged purchaser, while on the witness stand, that what he got from appellant was whiskey. The testimony showed him to be thirty-six years old and familiar with whiskey. He said he went to appellant's house and told him he wanted whiskey; that appellant said he had it; that appellant lifted a cloth under which witness saw a number of bottles of whiskey, and took one of same out, wrapped it in paper, and delivered it to witness who paid him the price demanded therefor. Appellant did not testify, nor did he put any witness on the stand to testify to a sale or his possession of any other kind of liquor; nor did he claim that there was any sale for any of the purposes excepted by statute. Underhill on Criminal Ev., Sec. 728, cites Frazier v. State, 27 Ga. App. 261, 107 S. E. 896, as holding that liquor called for, delivered and paid for as whiskey, might be inferred to be whiskey in the absence of evidence to the contrary. We think this correct. See Parker v. State, 39 Texas Crim. Rep. 262; Gaunce v. State, 109 Texas Crim. Rep. 448; Burrell v. State, 111 Texas Crim. Rep. 149; Adams v. State, 111 Texas Crim. Rep. 197; Belts v. State, 112 Texas Crim. Rep. 419; Friedman v. United States, 13 Fed. (2d S.) 632. It is proper to allege that the article sold was whiskey, and to charge the jury to find accused guilty if he sold or had in his possession whiskey. Such proof makes out the case. Douthitt v. State, 61 S. W. Rep. 404; Rutherford v. State, 49 Texas Crim. Rep. 22.

The motion for rehearing is overruled.

*Overruled.*