LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty of robbery and fixed his punishment at thirty years imprisonment. He was sentenced accordingly.
The only witness for the State was Eugene McCamy, who testified that about 5:00 P.M., July 16,1977, defendant came into the drug store of witness in Scottsboro and while asking about some articles of merchandise, grabbed McCamy, placed his left arm around McCamy’s neck and said, “If you do what I tell you, you won’t get hurt. I want all of your Class A.” He said defendant placed a gun in McCamy’s side, picked up a box off the floor, and instructed McCamy to fill it with some Class A drugs. McCamy did so, Dickerson left the store with the drugs and McCamy then called the police.
Appellant does not contend that the evidence does not present a jury issue, but he insists that the fact that there was only one witness against him emphasizes the likelihood of an unjust result by reason of various errors of the trial court either on the trial or in its denial of defendant’s motion for a new trial.
Defendant was represented on the trial by retained counsel. After his conviction, he was determined an indigent, and counsel *1324 was appointed for him on appeal. The motion for new trial was filed by his appointed counsel, which the court denied after a hearing thereon, in which evidence was taken.
Appellant urges that the trial court “abused its discretion when it refused to grant a continuance in this case.”
The record does not show that defendant ever unequivocally requested a continuance. When the case was called for trial, the State announced that it was ready, and defendant’s counsel said, “Judge, I need to call my witnesses.” Defendant’s witnesses were then called for the trial of the case, and defendant’s counsel then said:
“Judge, due to our defense in this matter, I couldn’t announce ready without those witnesses. I would like to find out if they were definitely served by calling the Sheriff down there and get a arrest order or something.”
The court was then recessed to allow defendant’s counsel time to make phone calls concerning these witnesses. Upon reconvening, defendant’s counsel said:
“Judge, it shows the Sheriff’s office reports Mr. George Echols was served yesterday, 3-20-78; Terry Haley has moved to Oklahoma; and they could not locate Mr. Ginn or Mr. Spurlin at the address, which, well, I can’t understand it because they run a business out on the highway there; it’s well known to everybody, just outside of Anniston; and they are material witnesses for the defendant.”
After further colloquy, the following occurred:
“[Defendant’s Counsel]: Defendant couldn’t announce ready until we could get those witnesses.
“THE COURT: Well, we passed the matter over from yesterday until today to try to get them line up and get them here. The circumstances of the case situation which you are aware of demands that that case be tried this term of court; and we’ll do everything within the power of this court to get these people here. Any suggestion that you have at this time or later on,—
“[Defendant’s Counsel]: I would like for the record to show that the defendant has made every effort, also.
“THE COURT: If you will, issue an attachment for the witness George Echols of Anniston, Alabama, please. All right; Ladies and Gentlemen of the Jury, well, would you like for me to call the jury and have them identify themselves? “[Defendant’s Counsel]: Yes, sir.”
We do not say that the request or motion for a continuance required any particular formality, but we think it should have been more definite than that shown by the record. There may be basis for some suspicion, at least, that, although counsel was sincere in stating that he wanted the missing witnesses, he chose for the trial to be commenced rather than to have it continued to a future date.
When the State concluded its testimony and rested, defendant moved to exclude the evidence. The motion was overruled, and defendant proceeded immediately, without referring to the absent witnesses, to present defendant’s witnesses and testimony. At the conclusion thereof, defendant again mentioned the matter of the absent witnesses and stated:
“Judge, those other two material witnesses, we haven’t been able to, I don’t feel like we can rest until we have the testimony of those witnesses. I realize they couldn’t find two of them; but Echols is material. Other than those, we would be able to rest.”
The court then stated,
“Well, I don’t know really anything further we could do unless we just held the case open forever, you know. And, of course, we can’t do that.”
Defendant’s counsel then stated,
“Could I recall Mr. Danny Dickerson?” And the court said,
“Yes, sir.”
After the testimony of Mr. Danny Dickerson on recall, defendant’s attorney announced, “defendant rests, Your Honor.” There was then no request for a continu- *1325 anee or any further time to obtain the absent witnesses. The State then announced that it had nothing further, and after a short recess, argument of counsel proceeded, the court charged the jury, and the jury commenced deliberations.
Aside from any question whether defendant sufficiently invoked a ruling continuing the case, the court cannot be held in error for not continuing it. A continuance of a criminal case by reason of the absence of some defense witnesses is left to the sound discretion of the trial court and is not reversible on appeal unless a clear abuse of discretion is positively shown. Hillyer v. State, Ala.Cr.App., 351 So.2d 646, cert. denied, Ala., 351 So.2d 648 (1977); Henry v. State, 57 Ala.App. 383, 328 So.2d 634 (1976).
A Mrs. Davis, an employee of the Scotts-boro Police Department, was a member of the jury. In interrogating the jury venire from which the jury was selected to try the case, the court asked them, inter alia, whether (1) any of them had a fixed opinion as to the guilt or innocence of the defendant that would bias their verdict, and (2) if they knew anything about the facts of the case. It appears that the juror Mrs. Davis made no response to either question.
During interrogation by defendant’s counsel of the jury venire, he asked, “Do any of you know or are you related to Mr. Clarence Bolte, a policeman?” Mrs. Davis answered, “I know him; I’m Mrs. Davis.” Counsel for defendant then said, “Mrs. Davis, you work for the Police Department? Thank you.” Officer Clarence Bolte was not called as a witness for the State. He testified on call of the defendant. His testimony was to the effect that he investigated the robbery promptly after it occurred, talked with Mr. McCamy, attempted to make some fingerprint tests on the scene which were unsuccessful and that he did not find any witnesses to the robbery, other than Mr. McCamy.
Appellant relies largely upon the often cited case of Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. denied, 245 Ala. 539, 18 So.2d 289, in which it was held:
“On their voir dire examination and at the request of defendant, the jurors were examined and qualified as to whether or not any of them were serving or had previously served as a deputy sheriff, constable, policeman or other law enforcement officer. Two of the veniremen answered in the affirmative and were duly stricken from the list by the defendant. One juror, later accepted on the panel, did not answer and failed to disclose that he had previously s.erved as a deputy sheriff of the county for about fifteen years. This fact was unknown to either the defendant or his counsel until after the trial, and, of consequence, defendant was denied the privilege of and failed in striking said juror from the panel selected to try the case, as he would have done had the juror disclosed his former official relations. Whether such concealment was deliberate or unintentional, on the part of the juror, need not be considered, insofar as the resultant prejudice to defendant be concerned. Hayne New Trial & Appeal, Vol. 1, Section 45, p. 144.
“Defendant urged the foregoing as prejudicial error in his motion for a new trial and renews the argument here. We think it well taken.”
On the motion for a new trial in instant case, defendant called Officer Bolte as a witness. He testified that Mrs. Davis was an employee of the Scottsboro Police Department. To the question whether the case was ever discussed in her presence, he replied, “I’m sure that it was because she typed my report.”
The case before us is distinguishable from Leach, supra, in several respects. There is nothing to indicate in instant case that defendant would have challenged or stricken Mrs. Davis as a juror even if defendant and his attorney had known that she had typed the report made by Officer Bolte. There is nothing to show that defendant and his attorney did not know or have good reason to believe, before the trial commenced or during the trial, that she typed the report. Whether the contents of the report were *1326 prejudicial to defendant is not shown. The one making the report found no evidence to indicate that defendant was guilty. The fact that defendant called Officer Bolte as a witness indicates, though it does not conclusively show, that defendant’s counsel thought that Officer Bolte’s information was more beneficial than detrimental to defendant.
In ruling on the motion for a new trial, the court indicated, but did not expressly hold, that there was no probable prejudice to defendant in any failure of Mrs. Davis to answer any of the questions addressed to the jury venire. In Freeman v. Hall, 286 Ala. 161, 238 So.2d 330, 335, (1970), it was held:
“Neither Sanders v. Scarvey [284 Ala. 215, 224 So.2d 247]; Leach, nor the original opinion in the instant case, is authority for the proposition that on voir dire any failure of any prospective juror to respond properly to any question regardless of the excuse or circumstances automatically entitles a party to a new trial or reversal of the cause on appeal.
“We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant... . "
We are of the opinion that there has been no showing of any probable prejudice to defendant by reason of any failure of Mrs. Davis to answer questions propounded to her and that there was no abuse of the discretion of the trial court in its ruling on the motion for a new trial as to the particular matter. Alabama Power Co. v. Hussey, 291 Ala. 586, 285 So.2d 92, 96, (1973).
The court was never apprised of exactly what defendant expected to show in evidence by the three missing witnesses, but it is clear that he proposed to show by them that they saw defendant in the area of Anniston, Alabama, on the afternoon of the robbery in Scottsboro, nearly one hundred miles away. Three witnesses for defendant so testified in support of his claim of an alibi. Each of them said that appellant was in the Anniston area then about an hour or an hour and a half before 5:00, the time of the robbery, and one of them said he was in the Anniston area before dark the day of the robbery. During the opening argument of counsel for the State, he said:
“. . .Iam questioning the fact they [the alibi witnesses for defendant] have come up here and asked you to believe this hogwash about them being down there at all these different times. As a matter of fact, even if you believe every one of them, I don’t think there’s anybody in here that could tell you the defendant wasn’t up here at 5:00 that afternoon robbing this store.”
Thereupon, counsel for defendant said:
“Judge, I’m going to make an objection to what the lawyer thinks; it’s not his province to think; it’s the jury’s. We move for a mistrial.”
The court replied:
“That is right; the lawyer can only argue inferences that he draws from the testimony, and that is the only thing he can argue; overrule your motion.”
The overruling of the motion for a mistrial was not error. Defendant’s counsel obtained from the statement of the court all of that to which defendant was entitled. The testimony of the witnesses, if true, indicated that it was hardly probable that defendant could have been at Scottsboro at the time of the robbery, but their imprecision as to the time defendant was out of their view the afternoon of the robbery constitutes a predicate for a reasonable, if not absolutely certain, conclusion that there was no irreconciliable conflict between their testimony and that of the victim of the robbery as to the time it occurred. The court was not in error in overruling defendant’s motion for a mistrial.
We think also that the court was not in error in overruling another motion for a mistrial based on argument of State’s counsel that the robbery was “cold-blooded.”
The term “cold-blooded” or “cold-blood” in criminal cases is usually associated *1327 with the crime of homicide, as to which it means “a willful, deliberate, and premeditated” homicide. Skeggs v. State, 24 Ala.App. 307, 135 So. 431, cert. denied, 223 Ala. 221, 135 So. 433 (1931). It is clear, however, that State’s counsel was not attempting to equate the crime of robbery with that of murder in the first degree or of injecting in any way real blood into the case, but was using the term “cold-blooded” in its generally accepted sense of lacking “insensibility, feeling, or consideration.” Webster’s New Second International Dictionary. The circumstances of the robbery from the standpoint of the prosecution justified the characterization given it by counsel. At any rate, there was nothing blood-curdling in the use of the word and nothing so ineradicably prejudicial as to justify a mistrial. The court was not in error in overruling defendant’s motion therefor.
Defendant’s motion for a new trial did not contain any grounds relative to any of the argument of counsel for the State or the court’s action with reference to such argument, but it did include grounds as to the absent witnesses and as to the presence on the jury of Ms. Davis, which the court, by its written order overruling the motion for a new trial, evinced its careful consideration. For the reasons stated in our consideration of the questions arising on the trial, there was no error in the court’s overruling defendant’s motion for a new trial.
We find no error in the record and the judgment appealed from should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.