**Howard L. DICKERSON, Petitioner,**

v.

**STATE OF ALABAMA, Respondent.**

**No. 80–7780.**

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 1982.

Fulford, Pope & Minisman, B. G. Minisman, Jr., Mark Elliott Hoffman, Birmingham, Ala., for petitioner.

Elizabeth Ann Evans, Asst. Atty. Gen., Montgomery, Ala., for respondent.

Before TUTTLE, HENDERSON and HATCHETT, Circuit Judges.

TUTTLE, Circuit Judge:

Petitioner Dickerson, an Alabama state inmate, appeals from the denial of his petition for a writ of habeas corpus. Dickerson was arrested and charged with the robbery of approximately seventy-eight dollars worth of "Class A" drugs from a Scottsboro, Alabama drugstore. He was convicted in the Circuit Court of Alabama, Jackson County, and sentenced to imprisonment for a period of thirty years. This conviction was affirmed in a written opinion issued by the Alabama Court of Criminal Appeals. 362 So.2d 1322 (Ala.Cr.App.1978). The Alabama Supreme Court denied certiorari on January 16, 1979.

Dickerson then filed a petition for writ of error coram nobis, alleging fifteen grounds in support of his petition. Finding that all but two of these grounds had been decided against Dickerson on direct appeal, the state court took evidence on the remaining two issues and denied the petition on March 1, 1979. Such denial was affirmed without opinion by the Alabama Court of Criminal Appeals on August 21, 1979. The Alabama Supreme Court denied certiorari on September 25, 1979.

Having exhausted his state court remedies, Dickerson filed a *pro se* petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama. This petition alleged seven grounds for reversal of his conviction. After ordering the State of Alabama to transmit a copy of the state court's coram nobis transcript, the district court entered a memorandum opinion denying Dickerson's petition without an evidentiary hearing. The district court found that six of these seven grounds [1] had been decided against Dickerson in his direct appeal to the Alabama Court of Criminal Appeals, and that the Alabama Court's written opinion was adequately supported by the record.

Dickerson now appeals from the denial of his petition raising two substantive issues.[2] First, he alleges that his Sixth and Fourteenth Amendment rights to compulsory process were violated when the state court refused to grant a continuance to enable him to procure the attendance of an alibi witness. Second, Dickerson contends that he was deprived of his constitutional right to an impartial jury when it was discovered after trial that one of the jurors who worked in the police department had typed the investigating officer's report in this case.

## I. THE RECORD ON APPEAL

Before reaching the merits of Dickerson's claims, we must address the rather unusual problems which have arisen concerning the record in this case. In its order denying Dickerson's petition, the district court stated that the state appellate court's opinion was adequately supported by the record. Upon our review of the record on appeal, we discovered that the district court could not have properly made such a determination since the state court trial transcript in

---

1. The district court found that petitioner's seventh ground, an alleged confession by another, was not an appropriate basis for federal habeas corpus and that in any event, this issue had been properly decided by the Alabama coram nobis court after an evidentiary hearing. This issue was not raised on this appeal.

2. ·After being denied by the district court, Dickerson's *pro se* application for certificate of probable cause and for cause to appeal in forma pauperis was granted by this Court on September 17, 1980.

this case was never made a part of the habeas corpus record. Instead, the district court had before it only the transcript of the state coram nobis proceedings which did not contain an independent review of the issues decided by the state appellate court and raised in the federal habeas corpus action.[3] In his appellate brief, Dickerson recites several legally significant facts which can be found in the state trial transcript but which were omitted from the state appellate opinion on which the district court relied.

The State of Alabama has consistently urged us to decide this case on the basis of the materials which were originally presented in the record on appeal. Thus, the state would have us ignore the facts in the trial transcript in deciding the merits of this case. The state also contends that we may not correct the district court's oversight by supplementing the record on appeal.[4] Apparently, the bases for this objection are that the State has never commented on this transcript and that the district court has never had an opportunity to review it.

While federal appellate courts do not often supplement the record on appeal with evidence not reviewed by the court below, it is clear that the authority to do so exists.[5] *See, e.g., Erkins v. Bryan,* 663 F.2d 1048, 1052 n.1 (11th Cir., 1981); *United States v. Aulet,* 618 F.2d 182, 187 (2d Cir. 1980); *Turk v. United States,* 429 F.2d 1327, 1329 (8th Cir. 1970); *Gatewood v. United States,* 209 F.2d 789, 792–93 (D.C.Cir.1953). Whether an appellate record should be supplemented under the particular circumstances of a case is a matter left to the discretion of the federal courts of appeals. *Cf. Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (issues raised for the first time on appeal). For several reasons, we view it appropriate to include the state court trial transcript in the record of this case. First, we believe that the proper resolution of the substantive issues in this case, when viewed in the context of all of the relevant historical facts, is beyond any doubt. *Id.* Second, a decision to remand this case for the sole purpose of allowing the district court to review the several additional significant facts contained in the transcript would be contrary to both the interests of justice and the efficient use of judicial resources. At least one dispositive issue in this appeal raises a pure question of law and, thus, there is no need for an evidentiary hearing to be held.[6] Counsel for the State of Ala-

---

**3.** The district court's oversight in this matter is understandable given the complex history of the case and the *pro se* nature of the petition. Nevertheless, such an error is, in itself, a sufficient basis for reversal. *See Townsend v. Sain,* 372 U.S. 293, 318–19, 83 S.Ct. 745, 759–760, 9 L.Ed.2d 770 (1963); *Valdez v. California,* 439 F.2d 1405 (9th Cir. 1971); 28 U.S.C. §§ 2243, 2254 (1976).

**4.** We were somewhat surprised to learn of the state's objection considering that the following colloquy occurred during the oral argument in this case:

STATE COUNSEL: ... And we were never asked to present the transcript, so it is not part of the record.
COURT: Is it available?
STATE COUNSEL: If you wish it, I could, I would, present it to the Court. I mean, I certainly have no objection because it is not going to say anything different than is said in the Court of Criminal Appeals opinion.

Transcription of the tape recording of the oral argument in *Dickerson v. Alabama,* No. 80–7780 (Oct. 28, 1981). Accordingly, we directed the state to transmit a certified copy of this record. Nearly eight weeks later the state complied with this request and informed us, for the first time, of their objection.

**5.** The Court of Appeals for the Second Circuit has based this authority on Fed.Rule App.Proc. 10(e) which provides in part that a Court of Appeals may "of its own initiative ... direct ... that a supplemental record be certified and transmitted." *United States v. Aulet,* 618 F.2d 182, 187 (2d Cir. 1980). Other circuits have relied primarily on the appellate court's inherent equitable powers to supplement the record as justice requires. *See, e.g., Erkins v. Bryan,* 663 F.2d 1048, 1052 n.1 (11th Cir., 1981); *Turk v. United States,* 429 F.2d 1327, 1329 (8th Cir. 1970). We express no view concerning the correct interpretation of Rule 10(e), but rely on this Court's inherent equitable powers to supplement the record.

**6.** Furthermore, counsel was appointed for Dickerson in this appeal. And, although counsel for the state arguably relied solely on the facts in the state appellate court opinion, *see* note 4 *supra,* the issues were fully briefed and argued on the merits.

bama cannot in good faith contend that they were without notice of the existence of this transcript or of its contents. Finally, it should be remembered that, in effect, we are here reviewing the district court's review of the habeas corpus claim of a state prisoner.[7]

## II. THE STANDARD OF REVIEW

When reviewing a federal habeas petition made by a prisoner in state custody, a federal court is required to follow the statutory criteria set forth in 28 U.S.C. § 2254 (1976). This statute provides that federal courts are to accord a presumption of correctness to factual determinations made by a state appellate court unless one of eight specific circumstances is found to exist. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

■ The State of Alabama argues that we are foreclosed from finding a constitutional violation in this case because we must apply a presumption of correctness to certain determinations made by the state appellate court. The state's argument regarding the proper application of section 2254 to this case is two-fold. First, the state argues that section 2254 requires this Court to base its decision in this case solely on the facts contained in the state appellate court opinion. We disagree. The factual determinations of a state appellate court are to be accorded a presumption of correctness only to the extent that they are "fairly supported by the record." 28 U.S.C. § 2254(d)(8) (1976); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 769–70, 66 L.Ed.2d 722 (1981); *Solomon v. Smith,* 645 F.2d 1179, 1184, n.2 (2d Cir. 1981); *Taylor v. Lombard,* 606 F.2d 371, 375 (2d Cir. 1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1346, 63 L.Ed.2d 781 (1980). Our independent re-

view of the state trial transcript reveals that while the state appellate opinion correctly states most of the facts developed at trial, it fails to include several legally significant facts such as the identity of the alibi witness as a police officer and the three witnesses as Dickerson's close relatives or friends. Thus, at least to the extent of the omission of these legally sufficient facts, the state appellate court's decision is not "fairly supported by the record."

■ Second, the state argues that section 2254 requires this Court to presume that the state appellate court's holding is correct. The Alabama Court of Criminal Appeals held alternatively that either the defense counsel's statements were not definite enough to constitute a request for a continuance or that the trial court did not abuse its discretion in denying this request.[8] 362 So.2d at 1324–25. We find that the presumption of correctness required by section 2254(d) is not applicable to this holding by the state appellate court. A federal court is not bound by a state appellate court's determination of a question of law or of a mixed question of law and fact. *E.g., Cuyler v. Sullivan,* 446 U.S. 335, 341–42, 100 S.Ct. 1708, 1714–1715, 64 L.Ed.2d 333 (1980); *Panzavacchia v. Wainwright,* 658 F.2d 337, 339 (5th Cir. 1981). Whether certain statements are sufficiently definite to constitute a request for continuance is, at the least, a mixed question of law and fact. A trial judge's discretionary power to deny a motion for continuance is necessarily limited by the Sixth Amendment right to compulsory process and any denial of an accused's attempt to present testimony in his behalf must be weighed against that right. *United States v. Davis,* 639 F.2d 239, 244 (5th Cir. 1981). The determination of

---

**7.** Federal appellate judges have been granted unique powers in the context of habeas corpus actions. *See* 28 U.S.C. § 2254(a) (1976).

**8.** In its written opinion, the Alabama Court of Criminal Appeals stated that "the record does not show that defendant ever unequivocally requested a continuance." 362 So.2d at 1324. Noting that a request for continuance does not require any particular formality, the court stated that the request "should have been more

definite than that shown on the record." *Id.* Finally, the court stated that:

> Aside from any question whether defendant sufficiently invoked a ruling continuing the case, the Court cannot be held in error for not continuing it. A continuance of a criminal case by reason of the absence of some defense witness is left to the sound discretion of the trial court and is not reversible on appeal unless a clear abuse of discretion is positively shown. *Id.*

whether the denial was such an abuse of discretion as to violate an accused's Sixth Amendment right is a question of law. *Hicks v. Wainwright*, 633 F.2d 1146 (5th Cir. 1981). Thus, it is necessary for us independently to apply the constitutional standards to the facts in this case and decide the appropriate questions of law.

◾ We conclude that the statements made by defense counsel were sufficient to constitute a request for continuance in this case. Before trial, Dickerson properly subpoenaed a man named Echols who was employed as a police officer in the city of Anniston, Alabama.[9] When Echols failed to appear on the day the trial was to begin, defense counsel informed the court that he could not announce ready until this witness appeared. When Echols again failed to appear on the following day, the court issued an attachment for him. Again, defense counsel stated that he could not announce ready until Echols arrived. The court then stated:

> Well, we passed the matter over from yesterday until today to try to get them line up and get them here. The circumstances of the case situation which you are aware of demands that that case be tried this term of court; and we'll do everything within the power of this court to get these people here. Any suggestion that you have at this time or later on,—

362 So.2d at 1324. The state then called its only witness, the robbery victim, who testified that the drugstore had been robbed at approximately 4:45 p.m. on July 16, 1977. Defense counsel then called three witnesses, Dickerson's brother and sister-in-law and an old family friend, who testified that Dickerson was with them in Anniston, Alabama at various times between approximately 1:00 and 4:00 p.m. on the day of the robbery. At least one of these witnesses also testified that Anniston is located nearly one hundred miles away from Scottsboro. At the conclusion of this testimony, defense counsel stated:

> Judge, those other two material witnesses, we haven't been able to, I don't feel like we can rest until we have the testimony of those witnesses. I realize they couldn't find two of them; but Echols is material. Other than those, we would be able to rest.

*Id.* Although defense counsel might have clarified his request at this point in time, the court made clear its position by stating:

> Well, I don't know really anything further we could do unless we just held the case open forever, you know. And, of course, we can't do that.

*Id.* Under these circumstances, we must conclude that, as a matter of law, defense counsel made a sufficiently definite request for continuance to elicit a ruling from the state court. Therefore, we must determine whether the denial of this request for continuance violated Dickerson's constitutional rights.

### III. DENIAL OF COMPULSORY PROCESS

The constitutional right of the accused to have compulsory process to obtain witnesses in his defense is well established. *See, e.g., Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *United States v. Melchor Moreno*, 536 F.2d 1042 (5th Cir. 1976). Holding this Sixth Amendment right to be applicable in state proceedings, the Supreme Court in *Washington* noted:

> The right to offer testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense.... This right is a fundamental element of due process of law.[10]

388 U.S. at 19, 87 S.Ct. at 1923.

◾ Not every denial of a motion for continuance to obtain witnesses violates the

---

9. In fact, Dickerson attempted to secure the attendance of four alibi witnesses at trial. Echols was the only one served with a subpoena. Two of the other witnesses apparently could not be found even though they operated well-known businesses near the city of Anniston. In this appeal, Dickerson relies on the failure to compel the attendance of Echols.

10. Subsequent cases have sometimes referred to this right as a due process right without reference to the Sixth Amendment. *E.g., Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); *United States v. Hammond*, 598 F.2d 1008 (5th Cir. 1979); *but see Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

accused's right to compulsory process. *See, e.g., McKinney v. Wainwright*, 488 F.2d 28 (5th Cir.), *cert. denied*, 416 U.S. 973, 94 S.Ct. 1998, 40 L.Ed.2d 562 (1974). A court may not, however, refuse to grant a reasonable continuance for the purpose of obtaining defense witnesses where it has been shown that the desired testimony would be relevant and material to the defense. *Hicks v. Wainwright*, 633 F.2d 1146 (5th Cir. 1981); *Singleton v. Lefkowitz*, 583 F.2d 618 (2d Cir. 1978). In *Hicks* this Court recently enunciated several factors which are to be considered in determining whether an accused was deprived of his right to compulsory process by a denial of a motion for continuance:

> [T]he diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

633 F.2d at 1149 (*quoting United States v. Uptain*, 531 F.2d 1281, 1287 (5th Cir. 1976) (footnotes omitted)).

In this case, each of these factors weighs in favor of the defendant. The record indicates that Dickerson's counsel exercised due diligence in attempting to procure the presence of Echols at trial. Echols was properly subpoenaed before trial and his failure to appear was noted by defense counsel. A writ of attachment was then issued. Thus, Echols' absence can more easily be attributed to the state's failure to enforce the writ of attachment and to arrest the police officer than to any lack of diligence on the part of Dickerson's counsel. Furthermore, it would appear highly probable that the attendance of Echols, a police officer in a neighboring city, could have been secured within a reasonable time. No explanation was offered for the failure to have him arrested.

The state contends that Dickerson failed to make a sufficient showing that the witness would provide favorable evidence which would not be cumulative of the testimony by other defense witnesses. Based on our review of the trial transcript, we find this contention to be wholly without merit. Indeed, defense counsel identified Echols as a police officer at the time the attachment for Echols was issued. And the testimony of Dickerson's brother—that he and Dickerson were seen by Echols in another city shortly before the crime occurred—presented the court with a clear indication of the type of evidence sought to be presented by defense counsel.[11] The testimony of a credible alibi witness would, of course, have been highly relevant to Dickerson's defense. Furthermore, such testimony by a police officer could not be considered cumulative of similar testimony by Dickerson's relatives and friends.[12] It is only reasonable to suppose that such testimony by a police officer would have lent a new aura of credibility to Dickerson's alibi defense. Thus, we conclude that the failure by the trial court to grant a continuance to allow Dickerson the opportunity to compel the presence of a credible alibi witness violated

---

**11.** In its opinion, the Alabama Criminal Court of Appeals noted:

> The Court was never apprised of exactly what the defendant expected to show in evidence [by this witness], but it is clear that he proposed to show ... that [he] saw defendant in the area of Anniston, Alabama on the afternoon of the robbery in Scottsboro, nearly one hundred miles away.

362 So.2d at 1326. However, this opinion omits any reference to the fact that Echols was a policeman or that the other defense witnesses were Dickerson's friends and relatives. In light of these additional facts, we believe that Dickerson's counsel made a sufficient showing of the type of evidence sought to be presented by this witness. A defendant cannot realistically be expected to show "exactly" what the witness' testimony would be. *See Singleton v. Lefkowitz, supra.*

**12.** This is especially true where, as here, the Alabama appellate court found that these witness'

> imprecision as to the time that defendant was out of their view ... constitutes a predicate for a reasonable ... conclusion [by the jury] that there was no irreconcilable conflict between their testimony and that of the victim of the robbery as to the time it occurred.

362 So.2d at 1326.

Dickerson's Sixth and Fourteenth Amendment rights to compulsory process.

The State of Alabama does not even attempt to argue that the harmless error rule should apply to this case. We note that even if this rule applies, we could not conclude beyond a reasonable doubt that Dickerson was not prejudiced by the failure to compel the attendance of a credible alibi witness. *United States v. Hammond*, 598 F.2d 1008 (5th Cir. 1979); *United States v. Melchor Moreno*, 536 F.2d 1042 (5th Cir. 1976).

### IV. EXTRINSIC EVIDENCE

Because we find that Dickerson was deprived of his Sixth and Fourteenth Amendment rights, it is not necessary for us to address the other issues raised on appeal. We note, however, that the district court erred in failing to grant an evidentiary hearing on the issue of whether the juror who typed the investigating officer's report prior to the trial in this case had any extrinsic knowledge of the case. Both the federal habeas corpus statute, 28 U.S.C. § 2254 (1976) and the doctrine of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), require a district court to hold an evidentiary hearing where there are facts in dispute which were not fully and adequately developed at the state court trial. *See Guice v. Fortenberry*, 661 F.2d 496 (5th Cir. 1981). Since the parties in this case disagree as to the possibility that Mrs. Davis read and remembered the report while serving as a juror as well as to the contents of the report, an evidentiary hearing should have been held. It will not be necessary for the district court to hold such a hearing on remand, however, since we reverse on other grounds.

The judgment of the district court is REVERSED and the case is REMANDED for proceedings not inconsistent with this opinion.