PAUL J. MILLER, Jr., Circuit Judge.
Appellant, Benny Frank Parker, was indicted by the Grand Jury of Jefferson County for the offenses of burglary in the third degree and receiving stolen property in the first degree. After entering a plea of guilty, the appellant was placed on probation.
Appellant’s parole officer filed a delinquency report in April, 1982 and appeared before the trial court for a revocation hearing on May 7, 1982.
At the revocation hearing, the attorney for the appellant made a motion for a continuance due to the absence of a subpoenaed witness. After appellant’s counsel made a statement as to what the witness’s expected testimony would be, the motion for continuance was denied.
The sole question presented for review upon this appeal is whether the trial court erred in refusing to grant a continuance because of the absence of a subpoenaed witness.
The record of the instant proceedings reflects that the attorney for appellant made a showing to the court of what he expected the witness to say at the time of this hearing.
There was no showing made to the court that any effort was made on behalf of the appellant or his counsel to secure the appearance of this witness other than by subpoena, although the witness had been a friend of the appellant all of appellant’s life.
Further, there was no showing by the appellant or his counsel that there was a probability that the testimony of this witness, McKinzey Lauderdale, could be obtained in the future. There was evidence presented to the court that the missing witness was himself on probation. It was shown that appellant had the same probation officer as the witness, and it was also shown that the witness was with the appellant at the time the circumstances arose that led to appellant’s revocation hearing. In the case of Dickerson v. State, 362 So.2d 1322 (Ala.Cr.App.1978), this court stated that:
“A continuance of a criminal case by reason of the absence of some defense witnesses is left to the sound discretion of the trial court and is not reversible on appeal unless clear abuse of discretion is positively shown.”
As guidelines to the trial court, we said in Ballard v. State, 51 Ala.App. 393, 286 So.2d 68, cert. denied, 291 Ala. 772, 286 So.2d 72 (1973):
“To warrant a continuance, the courts have agreed: (1) that the expected evidence must be material and competent; (2) that there must be a probability that the testimony can be obtained at a future time; (3) that due diligence must have been exercised to secure the evidence.”
Since a review of the entire record fails to reflect an abuse of discretion on the part of the trial judge in denying the continu *6 anee, the judgment of the lower court is hereby affirmed.
The foregoing opinion was prepared by Hon. PAUL J. MILLER, Jr., Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30(b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.