# PIRO v STATE OF FLORIDA

## Case No. 89-7AC10 (County Court Case No. 88-13247MM10)

Seventeenth Judicial Circuit, Broward County

March 23, 1990

### APPEARANCES OF COUNSEL

**Steven Michaelson, Esquire,** Chief Assistant Public Defender, for appellant.

**Carolyn V. McCann, Esquire**, Assistant State Attorney, for appellee.

## OPINION OF THE COURT

THOMAS M. COKER, JR, Circuit Judge.

THIS CAUSE comes before this Court on appeal of a conviction entered against Appellant, Gregg M. Piro for driving or being in actual, physical control of a vehicle while under the influence of an alcoholic beverage to the extent his normal faculties were impaired, and for leaving the scene of an accident. Appellant asserts a violation of his right to compulsory process as guaranteed by the Sixth Amendment to the United States Constitution and applicable to the states through the Fourteenth Amendment to the United States Constitution.

Appellant's vehicle struck the rear end of another vehicle which was stopped at a traffic light. Appellant then drove his vehicle which was badly damaged, away from the scene and into a nearby parking lot. The first officer at the scene was Officer Dietz who approached the Appellant's vehicle in the parking lot. Officer Dietz suspected the Appellant of driving under the influence after observing a strong odor of alcohol about his person, his slurred speech and his loss of balance. Officer Dietz then administered roadside sobriety tests which, in the officer's opinion, Appellant failed. Appellant was then arrested by Officer Ridenour who was in charge of the investigation. According to Officer Dietz's testimony, initially Officer Ridenour was not going to arrest Appellant for driving under the influence even though he was aware of Appellant's performance on the sobriety tests. Apparently, Officer Ridenour later changed his mind and arrested Appellant. Appellant contends that it was only after he attempted to make a notation on one of the tickets he was being issued that Officer Ridenour became angered and decided to arrest him. Appellant argues that he was arrested not because he was driving while under the influence, but because he angered the arresting officer, Officer Ridenour.

Officer Ridenour was not called by the State to testify in this case. At trial, Appellant's counsel stated that he wanted to call Officer Ridenour as a witness if the State was not going to call him. However, Appellant had not subpoenaed Officer Ridenour to appear to testify. Appellant's counsel argued that he had expected the State to call Officer Ridenour and that if the State did not call Officer Ridenour as a witness, there would be a denial of Appellant's right to compulsory process. The trial judge thereafter stated that she could not order the witness to appear and that if counsel had wanted him to appear, he could have subpoenaed him, which he had not.

2

The next morning, Appellant's counsel informed the court that he had attempted to serve Officer Ridenour but that the subpoena was not accepted at the Davie Police Department. Appellant's counsel then asked that the court enforce the subpoena. The trial judge herself inquired of the police department to determine if Officer Ridenour was available, at which time, the police department informed the judge that Officer Ridenour had not been served by the State. The trial judge stated that if there had been a lawful subpoena, she would have ordered him to come in to testify. The trial judge declined to order that Officer Ridenour appear on what was about one-half days notice.

Following those proceedings, Appellant's counsel made a proffer that Officer Ridenour would have testified that he never had a conversation with Officer Dietz about not arresting Appellant for driving under the influence. Appellant's counsel stated that the testimony of Officer Ridenour would totally contradict the testimony of Officer Dietz, thereby going to the credibility of the witnesses. Appellant's counsel based his proffer on testimony elicited at a pre-trial hearing. The trial proceeded and Appellant was found guilty of the crimes charged.

At a subsequent hearing on Appellant's motion for a new trial, evidence was brought forward showing that the information regarding the State's subpoena was incorrect, and Officer Ridenour was under a lawful subpoena from the State. The trial judge at this point noted that there was no bad faith on the part of either attorney and the State did not deliberately fail to bring in Officer Ridenour. Appellant's motion was denied.

The Sixth Amendment to the United States Constitution does not grant to a criminal defendant the right to have any and all witnesses attend a trial and testify, rather it guarantees him "compulsory process for obtaining WITNESSES IN HIS FAVOR." *United States v Valenzuela-Bernal,* 102 S.Ct. 3440, 458 U.S. 858 (1982); *Dickerson v State of Alabama,* 667 F.2d 1364 (11th Cir. 1982). This right applies to the states through the Fourteenth Amendment to the U. S. Constitution. *Washington v State of Texas,* 87 S.Ct. 1920, 388 U.S. 14 (1967). Pursuant to his right to compulsory process, a criminal defendant has the right to the government's assistance in compelling favorable witnesses to attend trial. A criminal defendant also has the right to place evidence before the jury that might affect its determination of guilt. The right gives no greater protections than that afforded by due process. Compulsory process challenges have therefore been analyzed within the framework of due process. *Pennsylvania v Ritchie,* 107 S.Ct. 989, 480 U.S. 39 (1987); *Cikora v Dugger,* 840 F.2d 893 (11th Cir. 1988).

**3**

*Washington,* 87 S.Ct. 1920, involved testimony of a convicted co-participant and state procedural statute which did not allow introduction of such a person's testimony on behalf of the defendant co-participant. The testimony was to have been that the defendant did not fire the gun which killed the deceased. The court alluded to the requirement that was later borne out in *Valenzuela-Bernal,* 102 S.Ct. 3440, that because the testimony was relevant and material, and vital to defendant's case, arbitrary exclusion of such testimony would violate the defendant's right to compulsory process.

A criminal defendant must make a showing that the testimony he seeks to compel is both material and favorable to the defendant's position. *Valenzuela-Bernal,* 102 S.Ct. 3440; *Dickerson,* 667 F.2d 1364. The definition of materiality has been enunciated to be that evidence which would have weakened the verdict, or evidence that would have affected the outcome of the proceeding had it been disclosed. *Ritchie,* 107 S.Ct. 989. The standard of *Ashley v State of Florida,* 433 So.2d 1263 (Fla. 1st DCA 1983) is whether the evidence to be introduced creates reasonable doubt as to the defendant's guilt that did not otherwise exist.

If there existed no reasonable doubt that the Appellant would have been found guilty whether the testimony was introduced or not, then there is no justification for a new trial. If the verdict had been questionable such that any additional evidence, even that of minor significance, might have created a reasonable doubt as to the Appellant's guilt, prejudice existed and a new trial is warranted. *Valenzuela-Bernal,* 102 S.Ct. 3440.

In the instant case, there is ample testimony establishing Appellant's guilt as to the crimes charged. Appellant may have angered the officer, but he was nevertheless impaired and left the scene as shown by the evidence adduced at trial. The prosecution did not call Officer Ridenour because it felt that the testimony he would have given would have been cumulative evidence. In addition to being material and relevant, evidence must not be cumulative. *Dickerson,* 667 F.2d 1364; *Valenzuela-Bernal,* 102 S.Ct. 3440. Officer Ridenour was at the scene and observed the sobriety tests according to Officer Dietz. Appellant has not argued that Officer Ridenour's testimony would show anything different than Officer Dietz's testimony with respect to the observations of Appellant at the scene. Appellant's proffer at trial as to the testimony of Officer Ridenour went to the issue of credibility.

As to the credibility of Officer Dietz, Appellant's trial counsel himself thanked Officer Dietz for his candor, thereby showing that his

4

credibility was apparently not in question. The credibility of Officer Ridenour was not at issue because he did not take the stand and testify. Even if Officer Ridenour had testified, his testimony would not have met the requirements of materiality and relevancy such that it would have affected the outcome of the trial.

In *United States v Jackson,* 757 F.2d 1486 (4th Cir. 1985), the Appellant claimed that his right to compulsory process was violated because the trial court refused to issue a writ to bring in a witness who was in the government's custody as a prisoner. The witness was necessary to the defendant's case. In that case, the defendant failed to petition the trial court for the writ until after the trial had begun. The court held that the issuance of the writ was in the discretion of the trial court. The court said that denial of the writ may have violated the defendant's right to compulsory process if the trial court had abused its discretion in failing to issue the writ.

Abuse of discretion can be found where the court refuses to stop trial proceedings to allow the defendant to obtain the witness where the witness seems to be prepared to give exculpatory evidence, and where the defendant has made reasonable efforts to secure the witness' presence before trial. The court held that there was no showing on the record that the witness was prepared to give exculpatory testimony and that defendant knew or should have known what the witness might say and did not attempt to bring him in as a witness.

In the case at bar, a similar situation exists. Officer Ridenour was not under subpoena from Appellant. It was not until after the trial had begun and Appellant's counsel learned that the State did not intend to call Officer Ridenour that Appellant attempted to serve with a subpoena. Appellant's service on Officer Ridenour was improper as it dod not conform to Fla. Stat. § 48.031(4)(a) outlining the requirements for service of a criminal witness subpoena on a law enforcement officer. Appellant had ample time to subpoena Officer Ridenour so as to compel him to appear in the Appellant's favor, the right guaranteed by the Sixth Amendment, but he did not do so. Whether to call a witness is part of trial strategy and Appellant may not rely on and hope that the State will call a witness in order that the Appellant may confront him. *State v Reeves,* 444 So.2d 20 (Fla. 2d DCA 1983) (defendant has no right to compel a witness to testify for the state so that he may confront him).

Given the fact that Appellant did not have Officer Ridenour under subpoena, it was within the trial court's discretion to order he appear on short notice. This Court finds no abuse of the trial court's discretion

**5**

where the proffer made by counsel does not make the requisite showing that Officer Ridenour was prepared to give evidence that was both relevant and material such that the outcome of the trial might have been affected. The mere assertion that failure to enforce the subpoena deprived the Appellant of testimony, without more, is insufficient to establish a violation of Appellant's right to compulsory process. *Washington v State of Texas*, 87 S.Ct. 1920, 388 U.S. 14 (1967).

As a final point, Appellant in his brief intimated that there was potentially misconduct on the part of the State Attorney who tried the case. This Court finds there to have been no misconduct. Even if there had been misconduct, given the facts herein, the requirements of relevancy and materiality of the excluded evidence must still be met, which they have not. *Ashley v State of Florida*, 433 So.2d 1263 (Fla. 1st DCA 1983).

## CONCLUSION

Based on the foregoing, this Court affirms the conviction as determined by the trial court.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of March, 1990.